IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

TOMMY LEE BROWN,

           Petitioner,      :      Case No. 1:17-cv-260

   - vs -                                  District Judge Timothy S. Black
                                              Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution

                                      :

           Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Tommy Lee Brown to obtain relief from his conviction in the Scioto County Court of Common Pleas on July 30, 1997, on pleas of guilty to one count of rape, one count of complicity to rape, and one count of corrupting another with drugs. He is serving a term of imprisonment of nine to twenty-five years for these convictions in Respondent's custody.

**Procedural History**

Brown was indicted by the Scioto County Grand Jury on April 29, 1997, on 108 counts. Pursuant to a negotiated plea agreement, he pleaded guilty on July 8, 1997, to the counts listed above and then was sentenced on July 30, 1997, and did not appeal at that time. On September 3, 2012, he filed a delayed petition for post-conviction relief which was denied. On appeal from that denial, the Ohio Fourth District Court of Appeals questioned whether the original sentencing order

was a final appealable order under Ohio law because it did not dispose of all counts of the indictment. On May 13, 2014, the State dismissed the remaining counts. Brown then appealed from both the May 13, 2014, dismissal order and the original sentencing entry. The Fourth District found that dismissal of the remaining counts rendered the original sentencing entry a final appealable order, but remanded to allow Brown to submit evidence on the sexual predator issue. *State v. Brown*, 59 N.E. 3d 532 (4th Dist. 2016), appellate jurisdiction declined, 145 Ohio St. 3d 1461 (2016). On July 26, 2016, Brown filed an application to reopen his direct appeal under Ohio R. App. P. 26(B). The Fourth District dismissed the application as untimely and Brown did not appeal to the Ohio Supreme Court. He then filed his habeas corpus Petition in this Court on April 20, 2017, pleading the following grounds for relief:

> **GROUND 1:** The trial court erred to the prejudice of petitioner and abused its discretion, and trial counsel's assistance was ineffective because the charges and sentences for counts ninety-five (95) and one-hundred-six (106) of the indictment for complicity to rape and corrupting another with drugs are clearly and convincingly contrary to and unauthorized by law in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> **GROUND 2:** The trial court erred to the prejudice of petitioner and abused its discretion because the indictment is defective and does not sufficiently charge an offense, and it has been impermissibly amended by the prosecuting attorney and trial judge, and trial counsel's advice and performance concerning the indictment were ineffective.
>
> **GROUND 3:** All counts against petitioner were not resolved by the trial court for over seventeen (17) years, denying petitioner a final appealable order, and because of ineffective assistance of trial counsel and the fact that petitioner's current sentences are unauthorized by law, petitioner has been denied parole eligibility for two (2) additional years based on his original plea agreed minimum sentence of seven (7) years, which is collectively a fundamental miscarriage of justice and a violation of the Sixth and Fourteenth Amendments to the United States Constitution.

(Petition, ECF No. 2, PageID 8, 9, and 10.)

2

# Analysis

**Ground One: Unconstitutional Charges and Sentences**

In his First Ground for Relief, Brown claims his convictions on counts 95 (complicity to rape) and 106 (corrupting another with drugs) are unauthorized by law and are therefore unconstitutional under the Sixth and Fourteenth Amendments to the United States Constitution.

Brown's original argument in support of Ground One argues questions of the proper interpretation of the statutes under which he was charged (Petition, ECF No. 2, PageID 19-23). Respondent asserts Ground One raises only state law issues and therefore is not cognizable in federal habeas corpus (Return, ECF No. 10, PageID 703). In response to the Return's claim of non-cognizability, Brown writes only about the proper interpretation of Ohio R. Crim. P. 32 which itself is a question of state, not federal, law (Reply, ECF No. 11, PageID 715).

When Brown's July 26, 2016, Rule 26(B) application was before the Fourth District, he had raised as an omitted assignment of error the same claim he raises in Ground One. The Fourth District ruled "if we were to consider the issues raised in appellant's application, we would find them to be without merit [because] appellant (1) received an appropriate sentence in accordance with the law in effect at the time of his conviction." *State v. Brown,* Case No. 14CA3629 (4th Dist. Nov. 16, 2016)(unreported; copy at State Court Record, ECF No. 9, PageID 583).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the

province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C.J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar concurring). The question of the proper interpretation of Ohio statutes is a question of Ohio law which this Court cannot reexamine in habeas corpus. Therefore Brown's First Ground for Relief is not cognizable.

Moreover, merit review of this claim is barred by Brown's procedural default in presenting it to the Ohio courts. Respondent raises this defense in the Return of Writ (ECF No. 10, PageID 700-03), asserting these record-based claims should have been raised on direct appeal. Brown's response is that he wanted these claims to be raised on direct appeal, but his appellate attorney would not do so. Brown asserts it was ineffective assistance of appellate counsel for the appellate attorney to omit this claim. Ineffective assistance of counsel can serve as cause and prejudice to excuse a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1985); *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996).

However, *Murray v. Carrier* also holds that the exhaustion doctrine "generally requires that a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceedings." 477 U.S. at 489; *See also Ewing v. McMackin*, 799 F.2d 1143, 1149-50 (6th Cir. 1986). The ineffective assistance claim cannot be presented as cause if it was itself procedurally defaulted in the state courts, unless one of the standard excuses for that procedural default exists, to wit, actual innocence or cause and prejudice. *Edwards v. Carpenter*, 529 U.S. 446 (2000)*, overruling*

*Carpenter v. Mohr*, C-2-96-447 (S.D. Ohio, 1997), aff'd, 163 F.3d 938 (6th Cir. 1998). Ineffective assistance of counsel on appeal cannot constitute cause for failure to file a timely application for reopening of the direct appeal under Ohio R. App. P. 26(B) since a person is not entitled to counsel for the reopening. *Riggins v. Turner,* No. 95-4027, 1997 WL 144214 (6th Cir. March, 1997).

Although Brown did file a Rule 26(B) application alleging appellate counsel was ineffective for not raising this claim, the Fourth District held his application was untimely. *State v. Brown,* Case No. 14CA3629 (4th Dist. Nov. 16, 2016)(unreported; copy at State Court Record, ECF No. 9, PageID 583). The timeliness component of App. R. 26(B) has been consistently followed by Ohio courts for more than ten years and is therefore an adequate and independent state procedural ground of decision. *Hoffner v. Bradshaw*, 622 F.3d 487, 504-505 (6th Cir. 2010). Brown's First Ground for Relief is therefore procedurally defaulted as well as not cognizable in habeas corpus.

**Ground Two: Defective Indictment**

In his Second Ground for Relief, Brown asserts he was deprived of his due process right to fair notice of the charges against him and of his right to grand jury indictment. Brown is not entitled to habeas corpus relief on this claim for a number of reasons.

First of all, there is no federal constitutional right to grand jury indictment which is applicable to the States. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi v. New Jersey*, 530 U.S. 466 (2000) does not change this result). "[T]here is no constitutional right in a state prosecution to a grand jury indictment with particular

5

specificity." *Id.* at 534, citing *Rose v. Mitchell*, 443 U.S. 545, 557, n. 7 (1979). Brown relies heavily on *Ex parte Bain*, 121 U.S. 1 (1887), but the Supreme Court has expressly overruled *Bain*. *United States v. Cotton*, 535 U.S. 625 (2002).

Second, the amendment to the indictment of which Brown complains was favorable to him because it removed an element that would have subjected him to life imprisonment upon conviction. Indeed, amendment of that charge before the guilty plea was part of the plea agreement and consented to by Brown. *State v. Brown,* Case No. 14CA3629 (4th Dist. Nov. 16, 2016)(unreported; copy at State Court Record, ECF No. 9, PageID 583).

Third, this Ground for Relief is procedurally defaulted on the same basis as the First Ground.

**Ground Three: Delay In Issuing A Final Appealable Order**

In his Third Ground for Relief, Brown claims the long delay in issuing a final appealable order in his case somehow denied him parole eligibility for two additional years. This appears to be the same claim he asserted as omitted assignment of error three in his Rule 26(B) application. As thus pleaded, the claim is not cognizable in federal habeas corpus. Ohio jurisprudence interpreting Ohio R. Crim. P. 32 on what must be included in a termination entry in a criminal case is purely a matter of state law and therefore not cognizable in habeas corpus. Moreover, Brown received a favorable judgment from the Fourth District Court of Appeals which noted *sua sponte* the deficiencies in the judgment entry. On remand, Brown moved *pro se* for a final appealable order (State Court Record, ECF No. 9, PageID 366-67). The trial court denied that motion as moot because the court and prosecutor had already dismissed the counts of the indictment that should

6

have been dismissed previously under the plea agreement. *Id.* at PageID 365, 376. Brown appealed and the court appointed counsel to represent him. *Id.* at PageID 377, 392. The Fourth District decided this appeal on the merits without any suggestion that Brown did not, by that time, have a final appealable order. *Id.* at PageID 451-460. In doing so the Fourth District expressly held that "[i]n short, the 2014 dismissal is not a final, appealable order in an [sic] of itself, but the dismissal of dangling, unresolved counts did render the 1997 sentencing entry final and appealable." *Id.* at PageID 454.

Brown himself never complained of the absence of a final appealable order until after the Fourth District raised the issue *sua sponte*. He has not shown how he was in any way prejudiced by the delay, particularly because the Fourth District treated the 2014 appeal as a direct appeal of right and appointed counsel.[1]

In lieu of any showing of prejudice, Brown attempts in his Memorandum in Support of the Petition to introduce an entirely new claim, to wit, that his original trial attorney provided ineffective assistance of trial counsel when he allowed a more favorable plea offer (7-25 years) to lapse, facing Brown with the choice of going to trial or accepting the plea agreement he eventually accepted (9-25) years. This argument is discussed at length in the Memorandum (ECF No. 2, PageID 30-37. The difficulty with this claim is that it has never been placed before the state courts. Indeed, it is not even properly pleaded here, because it is not set forth as a separate ground for relief.

---

[1] Brown later complained that appointed counsel did not raise all the claims Brown wanted raised. But it was Brown who sought the appointment of counsel when he could have proceeded *pro se* on appeal if he had wished to do so.

This is the kind of claim, depending as it does on evidence outside the direct appeal record, which could have been brought in a petition for post-conviction relief under Ohio Revised Code § 2953.21, but Brown filed no such petition and the time for doing so has long since passed.[2]

Brown's Third Ground for Relief should be dismissed as not cognizable in habeas corpus. His unpleaded but argued ineffective assistance of trial counsel claim should be dismissed as procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 17, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the

---

[2] The likelihood that the Ohio courts would entertain a delayed post-conviction petition under Ohio Revised Code § 2953.23 is speculative at best. Because exhaustion of state court remedies is not a jurisdictional requirement, the Court need not delay resolution of the case pending what would very likely be a vain attempt to invoke Ohio Revised Code § 2953.23.

proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).