# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

TOMMY LEE BROWN,

        Petitioner,   :      Case No. 1:17-cv-260

  - vs -                           District Judge Timothy S. Black
                                          Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution

                                  :

        Respondent.

## ORDER; SUPPLEMENTAL REPORT AND RECOMMENDATIONS

**Order Allowing Untimely Objections**

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 17) to the Magistrate Judge's Order striking Petitioner's substantive Objections (ECF No. 15) to the Magistrate Judge's Report and Recommendations on the merits (Report, ECF No. 13). District Judge Black has recommitted the case for reconsideration in light of the Objections (ECF No. 18).

In his procedural Objections, Petitioner claims that his substantive Objections were timely filed. He asserts that he received the Report on May 23, 2018, "a full six days after it was allegedly mailed." The fact of mailing on that date is corroborated by the staff note of the docketing clerk, which states that "T[t]his document has been sent by regular mail to the party(ies) listed in the NEF (Notice of Electronic Filing) that did not receive electronic notification." The deputy clerks are under a duty to both mail court orders when they are filed and not to make false statements in court records. The Court therefore accepts as proven that the Report was mailed when filed on

1

May 17, 2018. With the Report mailed on that date, the due date for mailing the substantive objections was seventeen days later, June 3, 2018. Because that was a Sunday, Petitioner's time was extended to the next business day, June 4, 2018.

Petitioner next claims that he "delivered his Objections for mailing on June 4, 2018 to the institution mailroom but due to circumstances beyond Petitioner's control the mailroom did not call Petitioner to sign a cash slip for postage until June 5, 2018." (ECF No. 17, PageID 780). These circumstances are not enumerated. Nothing in the documentation corroborates the June 4, 2018, date. Brown's Certificate of Service on the substantive Objections claims he sent them to opposing counsel on June 5, 2018[1]. The cash slip was not signed until June 5, and was not processed until June 6. Brown's substantive Objections would have been timely if actually mailed on June 4, 2018, but nothing in his substantive Objections claims he mailed on that date.

Nevertheless, the time limits in Fed. R. Civ. P. 72 are not jurisdictional. Therefore, in its discretion, the Court accepts the substantive Objections and will consider them on the merits. The Order Striking the substantive Objections (ECF No. 16) is VACATED and Brown's Objections to that Order (ECF No. 17) are denied as moot.

**Substantive Objections**

**Structure of the Objections and of this Supplemental Report**

Petitioner pleaded three Grounds for Relief and the Report analyzes them separately. Brown's Objections begin by repeating verbatim the first twenty-three pages of his Memorandum

---

[1] This date is handwritten and the Magistrate Judge incorrectly read it as June 8, 2018 (ECF No. 17, PageID 784).

in Support of Writ of Habeas Corpus attached to the Petition (Compare, Memorandum, ECF No. 2, PageID 15-37 to Objections, ECF No. 15, PageID 737-58).  Only after finishing this copying does he include a section directly addressing the Report and claiming it "is a complete distortion of the facts and law" and "constitutes a gross miscarriage of justice."  In that section he writes only about Grounds for Relief One and Three.

This Supplemental Report will only address the new matter in Brown's Objections.

**Ground One:  Unconstitutional Charles and Sentences**

In his First Ground for Relief, Brown claims his convictions on counts 95 (complicity to rape) and 106 (corrupting another with drugs) are unauthorized by law and are therefore unconstitutional (Petition, ECF No. 2, PageID 19-23).

The Report noted that Brown's argument was focused on the proper interpretation of Ohio sexual misconduct statutes (Report, ECF No. 13, PageID 726).  Interpretation of Ohio statues is a question of Ohio law on which this Court is bound by the decisions of the Ohio courts.  *Id.*  In this very case, the Fourth District Court of Appeals considered hypothetically[2] the merits of this claim and found it was without merit.  *State v. Brown,* Case No. 14CA3629 (4th Dist. Nov. 16, 2016) (unreported; copy at State Court Record, ECF No. 9, PageID 583).  On that basis, Brown's first Ground for Relief was found not to be cognizable in habeas corpus (Report, ECF No. 13, PageID 727).

Brown objects that he "is not requesting this Court to interpret state law, but rather to enforce his due process rights under state law in accordance with the Fourteenth Amendment."  He

---

[2] The consideration was only hypothetical because the Fourth District did not reach the merits of this claim:  Brown's 26(B) filing was untimely.

3

then asserts that the offense of conviction in Count 106, corrupting another with drugs in violation of Ohio Revised Code § 2925.02 "requires a maximum sentence of three (3) months incarceration." (Objections, ECF No. 15, PageID 759). What the statute actually says is the crime is a felony of the fourth "and the court shall impose a sentence of actual incarceration of three months . . ." Ohio Revised Code § 2925.02(C). Brown claims "Ohio law has been interpreted by Ohio courts to allow only three or six months incarceration for a conviction under R.C. 2925.02." (ECF No. 15, Page ID 759). He provides no citation at all for that claim. The Magistrate Judge is not aware of any such Ohio court decisions. The annotations to Ohio Revised Code § 2925.02 in Baldwin's Ohio Revised Code provide a number of examples of persons sentenced to far longer terms than that imposed on the Petitioner here.

Petitioner's Objections display a misunderstanding of the term "actual incarceration." As that term is used in Ohio law, it means a term of imprisonment which must both be imposed and actually served, i.e., is not subject to being suspended. See Ohio Attorney General Opinion 76-059.

Brown's conviction on Count 106 was under Ohio Revised Code § 2925.02(A)(4)(a) and (C)(3)(a), which together provide the offense is a fourth degree felony. The offense was charged as a fourth-degree felony (Indictment, State Court Record, ECF No. 9, PageID 124). During the plea colloquy, Judge Harcha explained to Brown that the charge of corrupting another with drugs to which he was pleading guilty was a fourth-degree felony for which the maximum penalty would be either six months, one year, or one and one half years imprisonment (Transcript, State Court Record 9-1, PageID 660-61. The judgment entry reflects conviction of a fourth degree felony (State Court Record, ECF No. 9, PageID 128).

The Report also concluded that "merit review of this [First] claim is barred by Brown's

4

procedural default in presenting it to the Ohio courts." (Report, ECF No. 13, PageID 727-28). Although Brown had claimed his failure to present this claim on direct appeal was excused by ineffective assistance of appellate counsel, the Report noted that such a claim must first be properly presented to the state courts and that Brown's App. R. 26(B) Application had not been properly presented because it was untimely. *Id.* Brown makes no objection whatsoever to this alternative basis for dismissing the First Ground for Relief.

**Ground Two: Defective Indictment**

In his Second Ground for Relief, Brown asserts he was deprived of his due process right to fair notice of the charges against him and of his right to grand jury indictment because the indictment did not sufficiently charge an offense and was impermissibly amended (Petition, ECF No. 2, PageID 9).

The Report concluded Brown was not entitled to relief on his Second Ground because there is no federal constitutional right to grand jury indictment in state court, the amendment was favorable to Brown and was made as part of the plea bargain, and this Ground for Relief was subject to procedural default on the same basis as Ground One, to wit, it was not raised on direct appeal (Report, ECF No. 13, PageID 728-29).

Brown's Objections as to Ground Two asserts the Magistrate Judge "misconstrues the central issue of Ground Two" which is "the indictment failed to sufficiently state the offense of Complicity to Rape with force or threat of force in count ninety-five (95) of the indictment[,] and [that insufficiency] cannot be cured by either the prosecuting attorney or the trial judge." (Objections, ECF No. 15, citing *State ex rel Kudrick v. Meredith*, 24 Ohio N.P. (N.S.) 120, 214,

1922 WL 2015, at *3 (Guernsey County C.P. 1922). *Kudrick* has nothing to do with indictments; rather, it concerns the authority of a mayor to commit someone to the County Jail for a prohibition violation. Brown further argues that the "indictment is defective because it violates his 'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" (Objections, ECF No. 15, PageID 760, citing *Stirone v. United States,* 361 U.S. 212 (1960)). *Stirone* involved a defendant's Fifth Amendment right to grand jury indictment on a federal criminal charge. But the Fifth Amendment grand jury right does not apply to the States. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); ); *Branzburg v. Hayes*, 408 U.S. 665, 687-88 n.25, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884see also *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006) (*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), does not change this result). "[T]here is no constitutional right in a state prosecution to a grand jury indictment with particular specificity." *Williams*, 467 F.3d. at 534, citing *Rose v. Mitchell*, 443 U.S. 545, 557, n.7, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979).

Brown relied in his prior pleadings on *Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887). The Report noted that Bain had been expressly overruled by the Supreme Court in *U.S. v. Cotton* (ECF No. 13, PageID 729 (citing 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). Brown objects by quoting at length from *United States v. LaPrade*, No. 15-1700, 673 Fed. Appx. 198 (3rd Cir. 2016). *LaPrade* says nothing about *Cotton's* overruling of *Bain*. Instead, it is about proper application of the Supreme Court's holding that any fact that makes a defendant eligible for the mandatory minimum sentence for an offense is an "element" which must be submitted to the jury. *Alleyne v. United States*. 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Brown does not argue for any connection between his case and the holding in *Alleyne* and, in any event,

*Alleyne* is not to be applied retroactively. *U.S. v. Hoon*, 762 F.3d 1172 (10th Cir. 2014) *U.S. v. Reyes*, 755 F.3d 210 (3rd Cir. 2014); *U.S. v. Redd*, 735 F.3d 91 (2nd Cir. 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); *Simpson v. United States,* 721 F.3d 875 (7th Cir. 2013); *Rogers v. United States*, No. 12-6141, 561 Fed. Appx. 440 (6th Cir. 2014), cert denied, 135 S. Ct. 500 (2014); *U.S. v. Taylor*, No. 4:11-CR-501, 2014 U.S. Dist. LEXIS 25218 (N.D. Ohio Feb. 27, 2014).

The Report concluded that the complained-of amendment to the indictment was actually favorable to Brown, because it removed an element that would have subjected him on conviction to a life sentence. Brown objects that "[t]his position mistakenly assumes that the charging part of the statutes was correct. However, the charging statute in the indictment was defective because it was not the correct statute containing the language 'to submit by force or threat of force.'" (Objections, ECF No. 15, PageID 763-64.

When Brown raised the defective indictment claim as an improperly omitted assignment of error on direct appeal, the Fourth District dismissed his 26(B) Application as untimely, but held in the alternative that "appellant . . . actually benefitted from the amendment and, in fact, the amendment occurred with appellant's consent . . ." *State v. Brown*, Case No. 14CA3629 (4th Dist. Nov. 16, 2016) (copy at State Court Record, ECF No. 9, PageID 581). As Brown himself stated in his 26(B) Application, the language that was removed by the amendment was in Count 95 and stated "and when the said Tommy Lee Brown purposely compelled the said Michael Ezra Junior Gilliam, II, to submit by force or threat of force." (26(B) Application, State Court Record, ECF No. 9, PageID 545). Brown claimed the amendment "destroyed Appellant's substantial right to be tried only on charges presented in an indictment returned by a grand jury." *Id.* But Brown never went to trial on the charge in Count 95; rather, he pleaded guilty to the amended count after the use of force allegation was removed.

7

The Report concluded that the amendment was part of the plea bargain (ECF No. 13, PageID 729). This was based on the finding to that effect by the Fourth District in its denial of the 26(B) Application (*State v. Brown, supra*, State Court Record ECF No. 9, PageID 581). Brown objects that the plea form does not say that and "there is no record to support a plea agreement to amend the indictment." (Objections, ECF No. 15, PageID 764). On the contrary, during the plea colloquy and prosecutor recited that, as part of the agreement, the threat of force specification would be deleted so that the maximum penalties recited by the judge (which did not include the life imprisonment sentence for the use of force) would be correct (Transcript, State Court Record, ECF No. 9-1, PageID 667).

**Ground Three: Delay in Issuing a Final Appealable Order**

In his Third Ground for Relief, Brown claims the long delay in issuing a final appealable order in his case somehow denied him parole eligibility for two additional years.

The Report recommended dismissal of this claim because the content of what is required in a final appealable order under Ohio law is a state law question. To put it another way, there is no established precedent of the United States Supreme Court requiring that state courts include certain content in their criminal judgments or that they be issued within a certain time period.

Contrary to Brown's Objections, the Report did not recommend dismissal of this claim for lack of exhaustion or procedural default, but because it did not state a claim cognizable in habeas corpus.

In his Objections, Brown claims his appellate attorney "abandoned" him and failed to pursue his claim of ineffective assistance of trial counsel in the Supreme Court of Ohio."

(Objections, ECF No. 15, PageID 764). He attaches a letter from Assistant Public Defender Stephen Hardwick refusing to present his *pro se* issues to the Supreme Court of Ohio, "because I just don't think you have a chance of winning them." *Id.* at PageID 767. Hardwick advised Brown what to do if he wanted to proceed and of the dates by which filings had to occur. *Id.*

A criminal defendant does not have a Sixth Amendment right to appointed counsel on a discretionary appeal to a state supreme court. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 110 F.3d 64 (TABLE), 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002). Although Brown included his claim about delay in issuing a final appealable order in the claims he took to the Supreme Court of Ohio (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 9, PageID 468), that court declined jurisdiction. *Id.* at PageID 534. However, the Report does not claim lack of exhaustion, but that Ground Three does not state a constitutional claim at all.

**Conclusion**

Brown's Objections are without merit and should be overruled. The Magistrate Judge

9

adheres to his original recommendation that the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 25, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985).