# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| TOMMY LEE BROWN, | : | Case No. 1:17-cv-260 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Michael R. Merz |
| | : | |
| CHARLOTTE JENKINS, Warden, | : | |
| Chillicothe Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

## DECISION AND ENTRY
### ADOPTING THE REPORT AND RECOMMENDATION (Doc. 13)
### AND THE SUPPLEMENTAL REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 19)

This case is before the Court pursuant to the Order of General Reference to United

States Magistrate Judge Michael R. Merz. Pursuant to such reference, the Magistrate

Judge reviewed the pleadings filed with this Court and, on May 17, 2018, submitted a

Report and Recommendation (the "R&R"). (Doc. 13). Petitioner Tommy Lee Brown

filed an objection on June 11, 2018. ("Objection") (Doc. 15). On June 12, 2018, The

Magistrate Judge submitted an order striking the Objection as untimely. (Doc. 16).

Petitioner then filed objections to the Magistrate Judge's order striking the Objection as

untimely. (Doc. 17). Following the Petitioner's objections, (Docs. 15, 17), this Court

ordered the matter recommitted to the Magistrate Judge for a Supplemental Report and

Recommendation. (Doc. 18). On June 25, 2018, the Magistrate Judge submitted an

order allowing Petitioner's untimely objections and a supplemental Report and

Recommendation (the "Supplemental R&R") analyzing the Objection. (Doc. 19).

Petitioner filed another objection to the Supplemental R&R on July 11, 2018. (Doc. 20).

Petitioner's objections are not well-taken.  After reviewing both the R&R, Supplemental R&R, and Petitioner's objections, the Court finds that the three grounds for relief presented by the Petitioner lack merit.  The Court will address Petitioner's grounds for relief in turn.

## I.    First ground for relief: unconstitutional charges and sentences

Petitioner claims that his convictions on counts 95 (complicity to rape) and 106 (corrupting another with drug) are unauthorized by law and therefore unconstitutional. (Doc. 2, at PageID # 19–23).  The R&R and Supplemental R&R correctly determined that Petitioner's claims are baseless on several grounds.  First, an Ohio court already considered this argument – only a hypothetical consideration because, as here, Brown's filing was untimely – and found it lacked merit.  (Doc. 9, at PageID # 583). This Court is bound by Ohio courts' interpretation of Ohio law; thus, Petitioner's first grounds for relief is not cognizable in *habeas corpus*.  Additionally, Petitioner failed to timely present his case to the state court, and thus the first ground for relief is "barred by procedural default in presenting it to the Ohio courts."  (Doc. 13, at 4–5).

## II.    Second ground for relief: defective indictment

Petitioner asserts that he was deprived of his due process right to fair notice of the charges against him and of his right to a grand jury indictment because the indictment did not sufficiently charge an offense and was impermissibly amended.  (Doc. 2, at 9).  The R&R and Supplemental R&R correctly determined that Petitioner's argument fails because there is no federal constitutional right to a grand jury indictment in state court. (Doc. 19, at 5).  Moreover, the amendment of Petitioner's indictment was favorable to

him and was made as part of a plea bargain. (*Id.*). Additionally, the R&Rs note that, similar to the first ground for relief, the second ground for relief was subject to procedural default. (*Id.*).

### III. Third ground for relief: delay in issuing a final appealable order

Petitioner claims that a delay in issuing a final appealable order denied him parole eligibility for two additional years. The R&R and Supplemental R&R appropriately recommended dismissal of this claim because there is no established federal precedent requiring state courts to include certain content in their criminal judgment or that judgments be issued in a certain time period. (Doc. 19, at 8). Petitioner's Objection claims his appellate attorney abandoned him in pursuing claims of ineffective assistance of counsel in the Supreme Court of Ohio. (Doc. 15, at 28). However, the Supplemental R&R properly finds that a criminal defendant does not have a Sixth Amendment right to appointed counsel on a discretionary appeal to a state supreme court and therefore Petitioner did not state a constitutional claim. (Doc. 19, at 9).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that the R&R (Doc. 13) and Supplemental R&R (Doc. 19) should be and are hereby **ADOPTED** in their entirety. Accordingly, for the reasons stated above, **IT IS ORDERED** that:

1) Petitioner's petition for writ of *habeas corpus* (Doc. 2) is **DISMISSED WITH PREJUDICE.**

2) The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore Plaintiff is denied leave to appeal *in forma pauperis*.

3) The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED**.

Date: _____8/1/18_____

Timothy S. Black
United States District Judge